# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO: 8:15-cr-483-CEH-SPF

JORGE ANTONIO MINA-OLIVO

## ORDER

This matter comes before the Court on Defendant Jorge Antonio Mina-Olivo's motions for a reduction in sentence (Docs. 88, 92, 97). In the motions, which are brought under the First Step Act of 2018 and the Second Chance Act, Mina-Olivo requests that the Court modify his term of imprisonment by six months or two points. *Id.*

The Government filed responses in opposition to Mina-Olivo's motions (Docs. 93, 98). The Federal Public Defender was appointed on Mina-Olivo's behalf for the limited purpose of addressing the portion of his motion that was brought under section 404 of the First Step Act (Docs. 90, 95). The United States Probation Office filed a memorandum addressing the retroactive application of the Fair Sentencing Act of 2010 to Mina-Olivo's sentence (Doc. 94).

Having considered the motions and being fully advised in their premises, the Court will deny Mina-Olivo's motions to reduce his sentence.

I.     BACKGROUND

Mina-Olivo was sentenced on July 8, 2016, to 121 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, based upon an offense committed on November 7, 2015 (Doc. 82).

In the instant motions, Mina-Olivo seeks relief under various provisions of the First Step Act of 2018. He first asserts that he is eligible for a reduced sentence under sections 402, 403, 404, 502, 503, 602, and 603 of the First Step Act of 2018. Doc. 88 at 2; Doc. 92 at 1. Specifically, he requests that the Court modify his imposed term of imprisonment so that he is released six months before his current release date. *Id.*[1] He points out that he is a deportable alien who will be released to the custody of Immigration and Customs Enforcement ("ICE"). Doc. 88 at 2-3. Because his home detention date is six months before his release date, he asks the Court to transfer him to ICE custody on his home detention date instead of his release date. *Id.* Mina-Olivo argues that his age, the circumstances of his arrest,[2] the separation from his family in Ecuador, and the cost of his imprisonment all support a reduction in sentence. *Id.* He also explained that he has developed medical issues relating to his stomach and sinuses during his term of incarceration. Doc. 92 at 3.

---

[1] The Court interprets Mina-Olivo's request to be released into ICE custody on his home detention date, which is six months before his release date, as a request to reduce his sentence by six months.
[2] Mina-Olivo asserts that he was kidnapped from Ecuador by United States officials.

2

In his third motion, Mina-Olivo cites the Second Chance Act as the source of the relief he requests. Doc. 97 at 1. He asks that the Court reduce his sentence by two points to reflect his minimal participation in the offense of conviction, because he was neither the captain of the boat nor the boss. *Id.* at 3.

The Government responded in opposition to Mina-Olivo's motions (Docs. 93, 98). In each response, the Government asserts that Mina-Olivo has not exhausted his administrative remedies as required for resentencing under 18 U.S.C. § 3582(c)(2). Doc. 93 at 1, 5; Doc. 98 at 1-2. The Government argues that the motions must be denied without prejudice as they are not ripe for judicial review. *Id.*

To the extent that Mina-Olivo's motion was brought under section 404 of the First Step Act, which made retroactive part of the Fair Sentencing Act of 2010, the Federal Defender was appointed on his behalf in accordance with the Omnibus Order in *In Re: Section 404 of the First Step Act*, issued by then-Chief Judge Merryday in case number 8:19-mc-10-T-23. *See* Docs. 90, 91. The U.S. Office of Probation submitted a memorandum finding that Mina-Olivo is ineligible for resentencing under section 404, because his offense of conviction occurred after the passage of the Fair Sentencing Act of 2010. Doc. 94 at 1-2. The Federal Defender, having reviewed the memorandum of the U.S. Office of Probation and conducted its own review of Mina-Olivo's eligibility, confirmed that Mina-Olivo is not eligible for resentencing under section 404 of the First Step Act of 2018. Doc. 95 at 2-3. The Federal Defender noted that it was making no assessment as to the merits of his request for relief under the other provisions of the statute, which were outside the scope of its appointment. *Id.* at 3.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 § 3553(a), as applicable, as part of the analysis.[3] *See* § 3582(c)(1)(A).

Section 404 of the First Step Act of 2018 made retroactive some portions of the Fair Sentencing Act of 2010. The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ (b)(1)(A)(iii), (b)(1)(B)(iii). Section 404 of the First Step Act of 2018 provides that "[a] court that imposed a sentence for a covered offense may, on

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Mina-Olivo also cites to several other provisions of the First Step Act of 2018 as the basis for the relief he seeks. Section 402 modified the sentencing guidelines for convictions that were entered on or after the date of enactment, and section 403 clarified the guidelines for convictions whose sentence was not yet imposed as of the date of enactment. *Id.* § 402(b); § 403(b). Sections 502 and 503, which form part of the Second Chance Reauthorization Act of 2018, do not provide for resentencing, but instead address grants for organizations that offer reentry services. *Id.* §§ 502, 503. Finally, section 602 amends 18 U.S.C. § 3624(c)(2) to direct the Bureau of Prisons to place low-risk prisoners on home confinement "to the extent practicable." *Id.* § 602.

## III.   DISCUSSION

### A. Mina-Olivo Has Not Exhausted his Administrative Remedies.

Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the BOP prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).

In his motions for a sentence reduction, Mina-Olivo does not address the exhaustion of his administrative remedies. He also does not attach any documentation to show that he has applied for compassionate release from the Bureau of Prisons, nor assert that he has done so. In contrast, the Government submits documentation that Mina-Olivo has not requested compassionate release from the Bureau of Prisons.

Because Mina-Olivo has offered no evidence to demonstrate he made any effort to exhaust his administrative remedies by first seeking compassionate release from the BOP Warden, and the Government's evidence indicates that he did not, the Court finds he has not exhausted his administrative remedies. Therefore, he may not pursue his claim in this Court and his motion is due to be denied.

### B. Mina-Olivo Has Not Demonstrated Extraordinary or Compelling Reasons for Compassionate Release.

Even if Mina-Olivo could show he exhausted administrative remedies, his motion nonetheless fails to show an extraordinary or compelling reason for a sentence reduction.

Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1.

Here, Mina-Olivo is 41 years old and did not become incarcerated until 2016. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). Mina-Olivo has identified the following reasons for a reduction in his sentence: his age; the circumstances of his arrest; the separation from

his family in Ecuador; the cost of imprisonment; his medical issues; and his minimal participation in the offense. Doc. 88 at 2-3; Doc. 92 at 3; Doc. 97 at 3. The Court will address these reasons in turn.

A defendant's age will be an extraordinary and compelling reason warranting a sentence reduction if he: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n. 1(B)  As previously noted, Mina-Oliva is only 41 years old and has been incarcerated for approximately six years. As such, his age does not meet the requirements for a sentence reduction.

Mina-Olivo also explains that he developed a "sinus and stomach infection" during his time in prison, and that the condition necessitated emergency treatment and a 3-day hospitalization in June 2020. Doc. 92 at 3. An incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).  Here, Mina-Olivo has provided no other information about the current status or effects of the medical conditions he listed. Nor has he provided any medical documentation. *See United States v. Heromin,* 8:11-cr-550-VMC-SPF, 2019 WL 2411311, *2 (M.D. Fla. June 7, 2019) (Covington, J.) (denying

motion for compassionate release due to lack of corroboration from medical provider). The Court therefore has an insufficient basis from which it could conclude that the infection he suffered diminishes his ability to care for himself within the prison environment, or that he is not expected to recover from it. Without such evidence, his medical condition does not provide a basis for a sentence reduction.

Moreover, Mina-Olivo requests a sentence reduction because of his separation from his family, who live in Ecuador, and the fact that he has no financial or moral support in the United States. Doc. 88 at 4; Doc. 92 at 3-4. While the United States Sentencing Commission's policy statement lists "family circumstances" as a permissible reason, these circumstances are defined only as: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children; (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n. 1(C). Because Mina-Olivo has not established either of these circumstances, his separation from his family cannot be the basis of a sentence reduction.

Lastly, the other reasons for which Mina-Olivo asserts a sentence reduction is warranted—the circumstances of his arrest, the cost of imprisonment, and his minimal participation in the offense [4]—are not permissible reasons to grant a sentence

---

[4] With respect to this assertion, Mina-Olivo is correct that a defendant's minimal or lesser participation in an offense may permit a court, in its discretion, to downwardly depart or vary when it is determining a defendant's sentence. U.S.S.G. § 3B1.2 cmt. n.3(A), 4, 5. However, the Court is significantly restricted in its ability to modify or reduce a sentence that has already

10

reduction. *See Bryant*, 996 F.3d at 1265-66 (holding that the list of reasons in the policy statement is both literal and exclusive). Accordingly, Mina-Olivo has not established an extraordinary and compelling reason that warrants a reduction in his sentence.

### C. Mina-Olivo Is Not Eligible for Relief Under Any Other Cited Provision of the First Step Act.

Mina-Olivo also cites to several other provisions of the First Step Act in support of his request that the Court reduce his sentence by six months or two points. However, these provisions do not provide a basis for the relief he seeks.

First, Mina-Olivo is not eligible for resentencing under section 404 of the First Step Act. Section 404 provides for retroactive resentencing based upon the Fair Sentencing Act of 2010. As the Office of Probation and the Federal Defender each concluded, however, this section applies only to individuals who were sentenced before the Fair Sentencing Act of 2010 was enacted. Doc. 94 at 2-1; Doc. 95 at 2-3. Mina-Olivo was sentenced in 2016. Therefore, he was already sentenced according to the provisions of the Fair Sentencing Act and is not eligible for relief. Similarly, he is not eligible for relief under sections 402 and 403 of the First Step Act of 2018 because

---

been imposed. *Bryant*, 996 F.3d at 1251 ("Finality is essential to the operation of our criminal justice system … That is why courts are generally forbidden from altering a sentence once it becomes final.") (quotations omitted). Moreover, here, Mina-Olivo argued at sentencing that he was entitled to a reduced sentence because of his minor role in the offense. Doc. 61 at 1-6. The Court declined to grant an adjustment to the guidelines range on that basis, but instead granted a significant downward variance—from 135 months to 121 months—based upon Mina-Olivo's diminished financial status, the economic issues in Ecuador, and his expressed remorse. Doc. 83 at 3.

those sections do not apply to individuals who were sentenced before the Act's enactment.

Mina-Olivo's third motion for resentencing requests relief under the "Second Chance Act." Doc. 97 at 1. The Court interprets the motion as a renewed motion under sections 502 and 503 of the First Step Act of 2018, which was known as the "Second Chance Reauthorization Act of 2018." *See* Doc. 92 at 1 (requesting relief under sections 502[5] and 503 of the First Step Act). Because these sections do not address resentencing, however, they do not provide a basis for a sentence reduction.

Finally, Mina-Olivo also cites section 602 of the First Step Act, which states that the Bureau of Prisons "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum extent of time permitted[.]" Doc. 92 at 2; Doc. 88 at 1. Mina-Olivo does not request home confinement, but instead notes that the Bureau of Prisons has already given him a home detention date of six months earlier than his release date. *Id.* at 2-3. He requests that this Court permit him to go into ICE custody on his home detention date, effectively reducing his sentence by six months. *Id.* Because section 602 of the First Step Act does not provide for resentencing or permit the Court to direct the Bureau of Prisons to release an incarcerated individual to ICE on their home detention date, Mina-Olivo is not entitled to the relief he requests under this section.

---

[5] Although citing to section 502, Mina-Olivo describes the contents of section 602. The Court will address the merits of both sections.

12

Accordingly, it is hereby **ORDERED**:

1. Defendant Jorge Antonio Mina-Olivo's Motion for Reduction of Sentence Pursuant to § 3582(c)(2) and Amendments Set Out in "First Step Act" (Doc. 88) is **DENIED**.

2. Mina-Olivo's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and First Step Act of 2018 (Doc. 92) is **DENIED**.

3. Mina-Olivo's Motion for Reduction of Sentence by Second Chance Act (Doc. 97) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties